IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION


MELISSA SANDERS, et al.,

    Plaintiffs,

v.                                              CIVIL ACTION NO. 2:12-cv-01562

ETHICON, INC., et al.,

    Defendants.


**MEMORANDUM OPINION AND ORDER**
(Plaintiffs' Motion for Partial Summary Judgment)

Pending before the court is the plaintiffs' Motion for Partial Summary Judgment [ECF No. 75] wherein the plaintiffs move for partial summary judgment on various affirmative defenses raised by defendants Ethicon, Inc. and Johnson & Johnson (collectively, "Ethicon"). As set forth below, the plaintiffs' Motion is **GRANTED in part** and **DENIED in part.**

I.     Background

This action involves Arkansas co-plaintiffs, one of whom was implanted with Gynecare Tension-free Vaginal Tape-SECUR ("TVT-S"), a mesh product manufactured by Ethicon, on August 8, 2008, at the University Hospital of Arkansas in Little Rock, Arkansas. Am. Short Form Compl. [ECF No. 17] ¶¶ 1–12. The case resides in one of seven MDLs assigned to the Honorable Joseph R. Goodwin by the Judicial Panel on Multidistrict Litigation concerning the use of transvaginal surgical

mesh to treat pelvic organ prolapse ("POP") and stress urinary incontinence ("SUI"). This individual case is one of a group of cases that the Clerk of the Court reassigned to me on November 22, 2016. [ECF No. 96]. In the seven MDLs, there are approximately 28,000 cases currently pending, approximately 17,000 of which are in the Ethicon MDL, MDL 2327.

Prior to the reassignment, in an effort to efficiently and effectively manage the massive Ethicon MDL, Judge Goodwin decided to conduct pretrial discovery and motions practice on an individualized basis so that once a case is trial-ready (that is, after the court has ruled on all summary judgment motions, among other things), the court can promptly transfer or remand the case to the appropriate district for trial. To this end, Judge Goodwin ordered the plaintiffs and defendants to submit a joint list of 200 of the oldest cases in the Ethicon MDL that name only Ethicon, Inc., Ethicon, LLC, and/or Johnson & Johnson. These cases became part of a "wave" of cases to be prepared for trial and, if necessary, remanded. *See* Pretrial Order No. 206, *In re Ethicon, Inc. Pelvic Repair Sys. Prods. Liab. Litig.*, No. 2:12-md-02327, Nov. 20, 2015, http://www.wvsd.uscourts.gov/MDL/ethicon/orders.html. The plaintiffs' case was selected as an "Ethicon Wave 2 case."

## II. Legal Standards

### A. Summary Judgment

A court may use partial summary judgment to dispose of affirmative defenses. *Int'l Ship Repair & Marine Servs., Inc. v. St. Paul Fire & Marine Ins. Co.*, 944 F. Supp. 886, 891 (M.D. Fla. 1996). To obtain summary judgment, the moving party must show

that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the court will not "weigh the evidence and determine the truth of the matter." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986).

Although the court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict" in his or her favor. *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or unsupported speculation, without more, are insufficient to preclude the granting of a summary judgment motion. *See Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013); *Stone v. Liberty Mut. Ins. Co.*, 105 F.3d 188, 191 (4th Cir. 1997).

B. Choice of Law

The parties agree that Arkansas choice-of-law principles apply to this case and that these principles compel the application of Arkansas law to the plaintiffs' claims. Under 28 U.S.C. § 1407, this court has authority to rule on pretrial motions in MDL cases. The choice of law for these pretrial motions depends on whether they concern federal or state law:

> When analyzing questions of federal law, the transferee court should apply the law of the circuit in which it is located. When considering questions of state law, however, the transferee court must apply the state law that would have applied to the individual cases had they not been transferred for consolidation.

*In re Temporomandibular Joint (TMJ) Implants Prods. Liab. Litig.*, 97 F.3d 1050, 1055 (8th Cir. 1996) (citations omitted). To determine the applicable state law for a dispositive motion, the court generally refers to the choice-of-law rules of the jurisdiction where a plaintiff first filed her claim. *See In re Air Disaster at Ramstein Air Base, Ger.*, 81 F.3d 570, 576 (5th Cir. 1996) ("Where a transferee court presides over several diversity actions consolidated under the multidistrict rules, the choice of law rules of each jurisdiction in which the transferred actions were originally filed must be applied."); *In re Air Crash Disaster Near Chi., Ill.*, 644 F.2d 594, 610 (7th Cir. 1981); *In re Digitek Prods. Liab. Litig.*, MDL No. 2:08-md-01968, 2010 WL 2102330, at *7 (S.D. W. Va. May 25, 2010).

If plaintiffs file their claim directly into the MDL in the Southern District of West Virginia, as the Sanders did in this case, I consult the choice-of-law rules of the

state in which the plaintiff was implanted with the product. *See Sanchez v. Bos. Sci. Corp.*, No. 2:12-cv-05762, 2014 WL 202787, at *4 (S.D. W. Va. Jan 17, 2014) ("For cases that originate elsewhere and are directly filed into the MDL, I will follow the better-reasoned authority that applies the choice-of-law rules of the originating jurisdiction, which in our case is the state in which the plaintiff was implanted with the product."). Ms. Sanders underwent her implantation surgery in Arkansas. Am. Short Form Compl. [ECF No. 17] ¶ 11. Thus, the choice-of-law principles of Arkansas guide this court's choice-of-law analysis.

In Arkansas, the choice-of-law analysis is guided by the *lex loci delicti* doctrine as well as "five choice-influencing factors." *Ganey v. Kawasaki Motors Corp.*, 234 S.W.3d 838, 846–47 (Ark. 2006); *see also Schubert v. Target Stores, Inc.*, 201 S.W.3d 917, 922 (Ark. 2005). "Under the doctrine of *lex loci delicti*, the law of the place where the wrong took place is the proper choice of law." *Ganey*, 234 S.W.3d at 846. However, rather than mechanically applying this doctrine, Arkansas courts also consider "(1) predictability of results, (2) maintenance of interstate and international order, (3) simplification of the judicial task, (4) advancement of the forum's governmental interests, and (5) application of the better rule of law." *Id.* In this case, these principles compel application of Arkansas law to the plaintiffs' claims. The implantation surgery that allegedly resulted in Ms. Sanders's injuries took place in Arkansas, where Ms. Sanders is a resident. Am. Short Form Compl. at 1–4 [ECF No. 16]. Thus, I apply Arkansas's substantive law to this case.

III. Analysis

The plaintiffs argue they are entitled to summary judgment on the defendants' affirmative defenses related to contributory negligence, comparative fault, and/or comparative negligence contained in ¶¶ 42, 45, 51, and 66 of the Master Answer and Jury Demand of Defendant Ethicon, Inc. to First Amended Master Complaint ("Ethicon's Master Answer") [ECF No. 75-2] and ¶¶ 44, 47, 53, and 67 of the Master Answer and Jury Demand of Defendant Johnson & Johnson to First Amended Master Complaint ("Johnson & Johnson's Master Answer") [ECF No. 75-3]. Mem. Supp. Mot. Partial Summ. J., at 1–2 [ECF No. 76]. The plaintiffs argue that their Motion should be granted because the defenses are without evidentiary support. *Id.*

In their Response, the defendants withdrew the defenses contained in ¶¶ 42, 45, and 51 of Ethicon's Master Answer and ¶¶ 44, 47, and 53 of Johnson & Johnson's Master Answer. Resp. Mem. Opp. Mot. Summ. J. 2–3 [ECF No. 86]. Accordingly, the plaintiffs' Motion with regard to these defenses is **GRANTED**.

The court **FINDS** that genuine disputes of material fact exist regarding the plaintiffs' remaining claims challenged by Ethicon. Accordingly, the plaintiffs' Motion as to the remaining defenses is **DENIED**.

IV. Conclusion

For the reasons discussed above, the court **ORDERS** that the plaintiffs' Motion for Partial Summary Judgment [ECF No. 75] is **GRANTED** with regard to the affirmative defenses listed in ¶¶ 42, 45, and 51 of Ethicon's Master Answer and ¶¶ 44,

6

47, and 53 of Johnson & Johnson's Master Answer. The court further **ORDERS** that the plaintiffs' Motion is **DENIED** in all other respects.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: December 12, 2017

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE